UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**JS-6**

| | |
|---|---|
| Case No. 5:25-cv-01447-SVW-KES | Date June 11, 2025 |
| Title *Kenneth S. Taylor et al. v. Judge Michael C. Martin et al.* | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S TEMPORARY RESTRAINING ORDER AND DISMISSING THE CASE [1]

### I.    Introduction

Before the Court is Plaintiffs Kenneth S. Taylor and Alycia Taylor's (collectively, "Plaintiffs") motion for a temporary restraining order. ECF No. 1. For the following reasons, Plaintiffs' motion is DENIED. The Court also finds that Plaintiffs' claims are frivolous and violate Rule 8, and thus it will dismiss them on its own motion.

### II.    Background

Plaintiffs' complaint and accompanying motion for a temporary restraining order is confusing, hard to follow, and does not contain much factual detail. Nonetheless, the Court will briefly summarize the facts of the case as it can understand them.

Plaintiffs entered into a lease agreement with FG Temecula Senior Apartments, LP (hereinafter "Temecula Apartments") that began on July 31, 2024, and ended on August 30, 2025. Declaration of Kenneth S. Taylor ("Kenneth Decl.") ¶ 2, Compl. at 18, ECF No. 1. In February 2025, Plaintiffs failed to

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01447-SVW-KES | Date | June 11, 2025 |
|---|---|---|---|
| Title | *Kenneth S. Taylor et al. v. Judge Michael C. Martin et al.* | | |

pay their full rent balance. *See* Superior Court of California Ruling on Temecula Apartments Unlawful Detainer Action against Plaintiffs at 2 ("California Unlawful Detainer Ruling"), Compl. at 11. In March, they did not pay any rent. *Id.*

Because of this, in April 2025, Temecula Apartments sent Plaintiffs a "3-Day Notice to Pay Rent or Quit." Kenneth Decl. ¶ 4. Plaintiffs did neither—they remained in possession of the premises and did not pay rent. California Unlawful Detainer Ruling at 2, Compl. at 11. Temecula Apartments then brought an unlawful detainer action against Plaintiffs and prevailed after a bench trial. *Id.* at 2-3.

Plaintiffs now bring suit against a litany of defendants, including Temecula Apartments, the Judge in his California unlawful detainer action, and various other individuals involved in his state case. *See* ECF No. 1. They allege a laundry list of constitutional, statutory, and common law violations, including violation of their Fourteenth Amendment rights to due process; retaliation in violation of the First Amendment; denial of the Fair Housing Act and ADA protections; conspiracy to violate their civil rights; fraud on the court and destruction of evidence; *Monell* claims; intentional infliction of emotional distress; violation of the equal protection clause of the Fourteenth Amendment; and judicial misconduct and due process denial under California law. *Id.*

In addition to alleging the above violations, they request a temporary injunction against eviction and enforcement of the California unlawful detainer action against them.

III. **Discussion**

**A. The Court denies Plaintiffs' motion for a temporary restraining order.**

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). These

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01447-SVW-KES | Date | June 11, 2025 |
|---|---|---|---|
| Title | *Kenneth S. Taylor et al. v. Judge Michael C. Martin et al.* | | |

same elements apply to Plaintiffs' TRO. *West v. PBC Mgmt. LLC*, No. 23-cv-03283-BLF, 2023 U.S. Dist. LEXIS 118204, 2023 WL 4477296, at *2 (N.D. Cal. July 10, 2023) (citing *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) ("The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction.")).

Plaintiffs' TRO fails on step 1: they do not show a likelihood of success on the merits. Their complaint makes only nine allegations, none of which come close to establishing the constitutional and statutory violations they claim. Plaintiffs' declarations suffer from similar deficiencies.

At base, Plaintiffs' complaint and accompanying TRO appear to be nothing more than an attempt to challenge the state court's unlawful detainer ruling. This is improper. "Under the '*Rooker-Feldman* doctrine,' review of state court decisions may only be conducted in the United States Supreme Court." *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir. 1992). Consistent with that principle, "district courts may not interfere in or review state unlawful detainer proceedings, whether ongoing or completed." *Perry v. NP Parc Chateaux, LLC*, No. 22-cv-05378, 2022 WL 4486140, at *1 (C.D. Cal. Aug. 4, 2022); *see also Scherbenske v. Wachovia Mortg., FSB*, 626 F. Supp. 2d 1052, 1058 (E.D. Cal. 2009) (federal courts are "compelled to defer to the state court's jurisdiction" in unlawful detainer proceedings); *Busch v. Torres*, 905 F. Supp. 766, 771 (C.D. Cal. 1995) (If "the gravamen of plaintiff's complaint is a challenge to the state court judgment in the unlawful detainer action," district courts are precluded from reviewing that judgment and its execution under the *Rooker-Feldman* doctrine).

Accordingly, for the foregoing reasons, the Court denies Plaintiffs' request for a temporary restraining order.

**B. The Court dismisses Plaintiffs' claims.**

The Court may dismiss a complaint as frivolous on its own motion "if the complaint 'lacks an arguable basis either in law or in fact.'" *Watts v. Santos*, 48 F.3d 1230, at *1 (9th Cir. 1995) (quoting

|  | : |  |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01447-SVW-KES | Date | June 11, 2025 |
|---|---|---|---|
| Title | *Kenneth S. Taylor et al. v. Judge Michael C. Martin et al.* | | |

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Courts may do this "without notice where the claimant cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).

Plaintiffs' claims fall within this category—they "lack an arguable basis in law" and "in fact" and they "cannot possibly win relief." *Watts*, 48 F.3d at *1; *Sea-Land Serv.*, 813 F.2d at 991. As explained above, Plaintiffs do not make any allegations or declarations that in any way establish the causes of actions they allege.

Moreover, Plaintiffs' complaint plainly violates Federal Rule of Civil Procedure Rule 8, which requires that complaints include "a short and plain statement of the claim showing that the pleader is entitled to relief." Rather than satisfying this standard, Plaintiffs' complaint is disorganized, confusing, and does not explain how they are entitled to relief on their claims. The district court is well within its discretion to dismiss such claims. *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1178-79 (9th Cir. 1996) (affirming the district court's sua sponte dismissal of the plaintiff's claims where the allegations in the complaint were "argumentative, prolix, replete with redundancy and largely irrelevant"); *see also Gleason v. Gasetlo*, No. 19-cv-3742, 2019 WL 3802188, at *3 (C.D. Cal. Aug.13, 2019) (sua sponte dismissing the plaintiff's claims because "Plaintiff's pleadings fail to comport with Rule 8," as the plaintiff "stated mostly conclusory, disjointed allegations, vague theories of liability, and few facts").

Lastly, not only are Plaintiffs' claims deficient, but the Court does not see how Plaintiffs could possibly win relief. As already explained, Plaintiffs are essentially trying to challenge the unlawful detainer action against them. The Court, upon review of Plaintiffs' evidence, does not see any evidence of improper conduct by the state court or any related entity. Because Plaintiffs "cannot possibly win relief," the Court need not provide advanced notice of its intention to dismiss their claims. *See Sea-Land Serv.*, 813 F.2d at 991.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:25-cv-01447-SVW-KES | Date | June 11, 2025 |
|---|---|---|---|
| Title | *Kenneth S. Taylor et al. v. Judge Michael C. Martin et al.* | | |

### IV.  Conclusion

For the foregoing reasons, the Court DENIES Plaintiffs' motion for a temporary restraining order and DISMISSES Plaintiffs' claims WITH PREJUDICE.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |